This case is before the court on cross-motions for summary judgment. After two "nonselections” or "pass-overs” to the rank of permanent major, plaintiff applied to the Air Force Board for the Correction of Military Records (hereinafter the Correction Board) for voidance of an Officer Effectiveness Report (OER), and the two passovers, for alleged defects in the OER’s preparation. The Correction Board denied relief and plaintiff sued in this court. Because important factual issues remain unresolved, we remand the case under Rule 149 to the Correction Board for a hearing. Consequently, after consideration of the parties’ submissions and other papers, but without oral argument, we deny the parties’ motions for summary judgment, without prejudice, and remand to the Correction Board.
Plaintiff enlisted in the Regular Air Force in 1958 as a pilot trainee and in 1972 was commissioned as a temporary major. As a result of two nonselections to the rank of *834 permanent major, plaintiff was involuntarily released from commissioned status in April 1974. Plaintiff subsequently enlisted in the Regular Air Force for four years as a sergeant.
In January 1974, after the two nonselections, plaintiff filed an application for correction of his military records with the Correction Board in accordance with 10 U.S.C. § 1552 (1976). Plaintiffs argument, repeated before this court, is that one of the OER’s in his record before the Selection Boards which chose not to promote him was defective and should not have been considered. Two defects in his OER closing April 5,1967, are alleged. First, it is said the questioned OER mentioned "an incident which did not occur during the period covered by the report and is thus not objective.” Second, plaintiff contends the rating officer who prepared the report, Lt. Colonel Emerson Kelley, had not been plaintiffs designated supervisor for the requisite 90-day period. The OER in question is considered damaging for its relatively lower rating and for the comment of the rating officer that plaintiff, then a pilot trainee in C-130 aircraft, "experienced some difficulty in flying the aircraft at low altitude, especially during the landing phase.” Upon reviewing these assertions, the Correction Board, through its Executive Secretary, notified plaintiff by letter of October 10, 1975, that it found plaintiff had "failed to establish a showing of probable error or injustice” and denied the corrections requested. Plaintiff filed suit in this court in April 1976 and the case is now before us on cross-motions for summary judgment.
The Correction Board’s denial of plaintiffs application contained no specific factual findings or reasoning making it difficult, if not impossible, to review. It may have been based on views as to the law no longer tenable since Sanders v. United States, 219 Ct. Cl. 285, 594 F. 2d 804 (1979). In particular, a finding as to whether plaintiffs rating officer for the April 5, 1967, OER had served the requisite 90 days would appear to be appropriate. Under the circumstances, we prefer that the initial determination be made by the Correction Board after such contact with the parties as may be helpful to it.
Accordingly, it is therefore ordered, that plaintiffs motion for summary judgment is denied, without prejudice, *835 defendant’s cross-motion is also denied, without prejudice, and the case is remanded to the Air Force Board for the Correction of Military Records. Pending this remand to the Correction Board the proceedings in this court will be stayed for a period of 6 months. Counsel for the defendant is designated (under Rule 149(f)) to advise the court of the status of the proceedings on remand.'